UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSUE ISAI PIRE HIDALGO,<br><br>Petitioner,<br><br>v.<br><br>BRANDON CROWLEY,<br>SAMUEL OLSON,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-00521-JRS-MKK |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Josue Pire Hidalgo is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on July 17, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Among other claims, he alleges that his detention is unlawful because he has been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). Mr. Pire Hidalgo now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing. Dkt. 1 at 19.

For the reasons explained below, the Court grants the petition and orders Respondents to either afford Mr. Pire Hidalgo an individualized bond hearing or release him from custody, under reasonable conditions of supervision.

## I. Background

Mr. Pire Hidalgo is a citizen and native of Venezuela. Dkt. 1 at ¶ 10. When he came to the United States in December 2022, he was granted humanitarian parole and was permitted to enter the United States. *Id.*; dkt. 7-1 at 6. His parole expired automatically in February 2023. Mr. Pire

Hidalgo has resided in the United States since December 2022, with his latest residence being Illinois. *Id.*

On July 17, 2026, Mr. Pire Hidalgo was arrested by ICE while at a pre-scheduled check-in appointment. *Id.* The warrant for his arrest cites 8 U.S.C. § 1226 as authority. Mr. Pire Hidalgo was eventually taken to the Clay County Jail where he is being held without bond. Dkt. 1; dkt. 7.

Shortly after his arrest, Mr. Pire Hidalgo was issued a Notice to Appear for removal proceedings pursuant to 8 U.S.C. § 1229a, which charges him with inadmissibility under two statutory provisions: 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and 8 U.S.C. § 1182(a)(7)(A)(I), for being without valid documentation. Dkt. 7-1 at 1-4. The "arriving alien" checkbox is unmarked. *Id.* His removal proceedings remain pending. Dkt. 1; dkt. 7.

**II. Discussion**

Mr. Pire Hidalgo claims that his current detention violates the Immigration and Nationality Act ("INA") because he has been unlawfully denied the opportunity for a bond hearing. Dkt. 1 at 18. He also claims that his detention is unlawful under the Due Process Clause of the Fifth Amendment. *Id.*

Respondents initially argued that Mr. Pire Hidalgo was mandatorily detained without consideration of bond pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. 7. However, on July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315, at *4 (7th Cir. July 30, 2026). In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Pire Hidalgo who have entered the

United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The Respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." Dkt. 9. Thus, it is undisputed that Mr. Pire Hidalgo is entitled to habeas relief insofar as he is eligible for a bond hearing.

**III. Scope of Relief**

Mr. Pire Hidalgo requests immediate release from custody. Dkt. 1 at 5. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Pire Hidalgo's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

Because the Court has found that Mr. Pire Hidalgo's detention violates the INA, it need not reach his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach Mr. Pire Hidalgo's argument that, if his relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. Dkt. 1 at 18; dkt. 8 at 15. The Seventh Circuit has not issued a decision on the question of who bears the burden of proof in an administrative bond hearing, and the circuits

that have answered the question have not answered in unison.[1] Section 1226 is silent as to the burden of proof, so Mr. Pire Hidalgo's argument must be purely constitutional. A bond hearing without court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Pire Hidalgo's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

Finally, the Respondents ask the Court to dismiss this action and direct Mr. Pire Hidalgo to request a bond hearing. In previous cases raising the same issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025); *Mohammed v. Olson*, No. 1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *2 (S.D. Ind. Dec. 10, 2025); *Chesme Bazurto v. Olson, et al.*, No. 1:26-cv-00122-SEB-CSW, 2026 WL 285993, *2 (S.D. Ind. Feb. 3, 2026); *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, *2 (S.D. Ind. Dec. 30, 2025); *Choudhary v. Swearingen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind.

[1] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

Jan. 26, 2026); *Diaz Gonzalez v. Swearingen, et al.*, No. 1:25-cv-02141-RLY-TAB, dkt. 14 at 8-10 (S.D. Ind. Nov. 18, 2025). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court will not impose an exhaustion requirement now and will instead order the Respondents to schedule a bond hearing or release Mr. Pire Hidalgo.

## IV. Conclusion

The Court grants the petition to the extent that **no later ten days from the date of this order**, Respondents must either: (1) provide Mr. Pire Hidalgo with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Pire Hidalgo from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Pire Hidalgo with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Pire Hidalgo's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 08/20/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Carla Iveth Espinoza
EZG Immigration Law, LLC
carla@ezg-law.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov